Benjamin F. Butler *vs.* John B. Taylor & another.

Equity will not order a first mortgagee, who has brought a writ of entry to foreclose, to assign his mortgage to the defendant, or to one who holds the defendant's title to the whole land, subject to the plaintiff's mortgage, and to the equity of redemption of another person who has taken a deed of half of the land subject to the first mortgage, and mortgaged back that half to the defendant; although the defendant offers, upon such assignment, to pay the amount of the first mortgage, and costs of suit.

WRIT OF ENTRY to foreclose a mortgage of land in Lawrence The defendants, after pleading the general issue, moved the

court, as a court of equity, to order the plaintiff, upon being paid the amount of that mortgage and of the costs of suit, to assign that mortgage to the defendants or to Joseph P. Jenkins ; and in support of this motion relied upon the following facts, which were admitted by the plaintiff :

The Essex Company, owning the land in fee, conveyed it to the defendants, and, at the same time, took back the mortgage in question, which has since been assigned to the plaintiff. The defendants have since improved the land by erecting a dwelling-house thereon. One of the defendants afterwards conveyed an undivided half of the land to Jenkins. The other defendant conveyed the remaining half to Atis Osgood, subject to the first mortgage, and afterwards took back a mortgage of said half from Osgood, which mortgage has since been assigned to Jenkins. And Jenkins has thus become sole owner of the premises, subject however to the plaintiff's mortgage, and subject also to Osgood's right of redeeming one undivided half. The defendants, acting through Jenkins, have offered, and are now ready, to pay to the plaintiff the amount of his mortgage and of the costs of this action, and of one brought by him on the mortgage debt and now pending, provided the plaintiff would assign the mortgage as requested. And the defendants suggested that, in case the mortgage should be discharged, Osgood or his assigns might claim to redeem an undivided half of the estate, upon payment of the amount due upon the second mortgage only, although he virtually agreed to pay also one half of the amount of the first mortgage.

*R. Cross*, for the defendants.

*D. Saunders, Jr.* for the plaintiff.

SHAW, C. J. The plaintiff stands in the position of the first mortgagees, the Essex Company. They owned the estate in fee. They conveyed it in fee to the two defendants, and at the same time, as part of the same transaction, took back the same title in mortgage, subject to no qualification. The plaintiff therefore is entitled to be paid, or proceed to foreclosure, without being obliged to investigate titles arising after his own. No principle of law or equity obliges him to give one after claimant a prefer-

ence over another. He will do his whole duty, *prima facie*, by releasing his interest on receiving payment, leaving after claimants to the preferences which their respective mortgages give them when the prior incumbrance is discharged. The plaintiff's title is predominant, to which all after titles are subordinate. All who take titles subject to such prior mortgage, should arrange their conveyances in such mode as to provide for the discharge of the mortgage in such way as to secure them in their respective rights.

*Motion of the defendants overruled; and judgment in the usual form for the plaintiff.*